Case 6:15-cv-00073   Document 39   Filed in TXSD on 06/29/16   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MARTIN VASQUEZ, | § | |
| TDCJ #1924603, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-15-0073 |
| | § | |
| SERGEANT GARZA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Martin Vasquez (TDCJ #1924603), is a state inmate in custody of the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Vasquez has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement. Because he is incarcerated, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the pleadings and dismiss this case if it if frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. After reviewing all of the pleadings as required, the Court concludes that this case must be dismissed for reasons that follow.

## I.   BACKGROUND

Vasquez is currently incarcerated at the Beto Unit in Tennessee Colony, Texas.[1] Vasquez sues Warden Roger Powleke, Sergeant Gaza, and several John Doe officers employed by TDCJ at the Garza West Unit in Beeville, Texas, where Vasquez was formerly confined.[2]

Vasquez explains that he was transferred to the Garza West Unit in May of 2014.[3] Vasquez was immediately targeted by two inmates who demanded to see all of his tattoos, wanting to know who Vasquez "[ran] with" and why he was locked up.[4] Shortly thereafter, Vasquez discovered all of his property scattered under the television in the dayroom.[5] Vasquez noticed that his Bible, which contained "personal information," was missing.[6] When Vasquez asked other inmates in the dayroom to return his Bible, they began cursing at him in a threatening manner.[7] An unidentified

---

[1]   Amended Complaint [Doc. # 9], at 2.

[2]   *Id.* at 2-3.

[3]   *Id.* at 3.

[4]   *Id.* at 3-4.

[5]   *Id.* at 4.

[6]   *Id.*

[7]   *Id.*

officer arrived and told Vasquez to collect his things.[8] Vasquez was escorted from the building and placed in "transit status" because his life was in danger.[9] Vasquez believes that his life was in danger from gang members because he was convicted of failing to register as a sex offender.[10] While in transit status, Vasquez spoke to Sergeant Garza about his missing Bible.[11] Garza responded that she would "look into it."[12] Vasquez subsequently asked other unidentified officers to check with Sergeant Garza about the status of his missing Bible, but he never heard back from them.[13] Vasquez attempted to exhaust his administrative remedies regarding his lost Bible, but has received no response from Garza West officials.[14]

By failing to respond to his concerns, Vasquez contends that the defendants have violated his First, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.[15] Vasquez seeks declaratory and injunctive relief against the defendants from any

---

[8]   *Id.*

[9]   *Id.* at 5.

[10]  *Id.*

[11]  *Id.* at 6.

[12]  *Id.*

[13]  *Id.*

[14]  *Id.* at 7.

[15]  *Id.* at 8, 9.

"frustrating acts," retaliation, or threats.[16] Vasquez also seeks compensatory and punitive damages as well as costs of court.[17] The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   DISCUSSION

### A.   Failure to Respond to Grievances

Vasquez complains primarily that the defendants failed to respond to his grievances about his missing property. To the extent that Vasquez claims that the defendants violated prison policy, it is well established that an officer's failure to follow prison rules, standing alone, does not demonstrate a constitutional violation. *See Stanley v. Foster*, 464 F.3d 565, 569 (5th Cir. 2006) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *Murray v. Mississippi Dep't of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Hernandez v. Estelle*, 864 F.2d 1235, 1251-52 (5th Cir. 1989); *see also Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation). It is also well established that a prison inmate has no constitutionally protected interest "in having grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because Vasquez's claim relies

---

[16]   *Id.* at 9.

[17]   *Id.* at 10.

on a "legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Id.*

### B. Loss of Property

Vasquez contends further that the defendants' failure to investigate or respond to his grievances resulted in the loss of his Bible. The Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *See Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Vasquez concedes that property in question was stolen by other inmates. An inmate's "allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment." *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *accord Lucien v. Johnson*, 61 F.3d 573, 576 (7th Cir. 1995).

To the extent that Vasquez blames the defendants for the loss of his Bible, the Supreme Court has held that a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation or a cognizable claim under 42 U.S.C. § 1983 if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984). Texas provides a remedy for inmates whose property has been taken

or destroyed in an unauthorized manner. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. Crim. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. Because Texas provides an adequate post-deprivation remedy, Vasquez's claim that his property was wrongfully taken has no basis in federal law. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Accordingly, Vasquez has failed to state a claim for which relief can be granted under 42 U.S.C. § 1983. *See id.*; *see also Nelson v. Director, Texas Dep't of Crim. Justice*, 124 F. App'x 897, 898, 2005 WL 673367 (5th Cir. 2005) (unpublished) (holding that the both the civil rights lawsuit and appeal from dismissal of a prisoner's suit seeking compensatory damages for loss of personal property were "frivolous").

### C.  Retaliation

Vasquez alleges that the defendants violated his First Amendment rights by retaliating against him for seeking redress of grievances.[18] To state a claim for retaliation, a plaintiff must demonstrate that (1) he invoked a specific constitutional right; (2) the defendants intended to retaliate against him for the exercise of that right; (3) there was a retaliatory adverse action; and (4) the action would not have occurred but for the retaliatory motive. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.

---

[18]   Amended Complaint [Doc. # 9], at 8.

1997) (citation omitted). An inmate must allege more than his personal belief that he is the victim of retaliation. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). Mere conclusory allegations of retaliation will not suffice; a prisoner must produce direct evidence of retaliation or a chronology of events from which retaliation may plausibly be inferred. *See Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Vasquez does not establish that any adverse action was taken against him by the defendants in this case. Likewise, Vasquez does not allege facts showing that any of the defendants had a motive to retaliate against him; nor does he establish a chronology of events from which retaliation may plausibly be inferred. *See Woods*, 60 F.3d at 1166. Vasquez's bare allegation of retaliation is not sufficient to state a claim under 42 U.S.C. § 1983. Accordingly, Vasquez's retaliation claim must be dismissed.

### D. Failure to Protect

Vasquez also appears to allege that the defendants violated his rights under the Eighth Amendment by failing to protect him from harm after other inmates learned that he was a convicted sex offender. To establish a failure-to-protect claim under 42 U.S.C. § 1983, a prisoner must show that he has been incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114

S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995). To act with deliberate indifference, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Only deliberate indifference will suffice to state a failure-to-protect claim; mere negligence is not sufficient. *See id.*

The pleadings reflect that Vasquez was placed in transit status and removed from the Garza West Unit as soon as he was threatened by other inmates. Thus, Vasquez fails to demonstrate that the defendants were deliberately indifferent to his need for protection. The pleadings further reflect that Vasquez did not suffer any injury as a result of those threats. As a result, Vasquez is barred from collecting monetary damages by 42 U.S.C. § 1997e(e), which precludes a civil action by a "prisoner confined in a jail, prison, or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). Absent a valid claim, the complaint will be dismissed under 28 U.S.C. § 1915A.

**IV.** **CONCLUSION**

Based on the foregoing, the Court **ORDERS** that the plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, fax: (512) 936-2159.**

SIGNED at Houston, Texas, on June 29, 2016.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE